No. 18,810.

THE MANHATTAN WHOLESALE GROCERY COMPANY, *Appellee*, v. THE WESTCHESTER FIRE INSURANCE COMPANY OF NEW YORK, *Appellant*.

No. 18,811.

THE MANHATTAN WHOLESALE GROCERY COMPANY, *Appellee*, v. THE NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, *Appellant*.

No. 18,812.

THE MANHATTAN WHOLESALE GROCERY COMPANY, *Appellee*, v. THE AMERICAN INSURANCE COMPANY OF NEWARK, *Appellant*.

No. 18,813.

THE MANHATTAN WHOLESALE GROCERY COMPANY, *Appellee*, v. THE FRANKLIN FIRE INSURANCE COMPANY OF PHILADELPHIA, *Appellant*.

SYLLABUS BY THE COURT.

1. CONSOLIDATION OF CASES—*By Stipulation—General Verdict—Acquiescence of Parties—No Error*. By stipulation between the parties four separate actions on policies of insurance issued by different companies, covering the same property, were consolidated and tried as one case. The jury returned a verdict for the full amount of the loss, which the court apportioned among the several defendants. *Held*, that the stipulation, together with the acquiescence of the parties in the procedure and their failure to request the court to require separate verdicts, constituted a waiver of any error that might be urged against the rendition of a general verdict.

2. INSURANCE—*Loss—Attorney's Fees—May be Allowed by the Court after Verdict*. Attorney's fees in actions against insurance companies are by statute (Gen. Stat. 1909, § 4263) allowed as part of the costs, and the court may hear evidence and allow the same after the return of the verdict.

Appeals from Riley district court; SAM KIMBLE, judge. Opinion filed May 9, 1914. Affirmed.

*Alvin R. Springer,* and *Bruce Barnett,* both of Manhattan, for the appellants.

*John E. Hessin, John Clarke Hessin,* both of Manhattan, and *F. L. Williams,* of Clay Center, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Separate actions were brought on four policies of insurance issued by different insurance companies upon a wholesale stock of groceries. Each defendant relied upon the same defenses and claimed that plaintiff entered into an agreement to arbitrate the amount of damages, and that an award was duly made which was binding; it was further alleged that the value and extent of the damage were not as claimed by the plaintiff.

In its reply plaintiff alleged that the award was not honestly and fairly made; that M. A. Potts, who was selected as arbitrator for the defendants, was biased and prejudiced in their favor; that he was and is known as a professional insurance appraiser, always working for the interests of the insurance company without regard to the truth and facts connected with the adjustment of the loss; that the umpire appointed by the two appraisers was wholly under the domination and influence of Potts during the whole of the appraisement; that these two gave no heed to the actual loss or damage of the goods and wholly ignored the appraiser chosen by the plaintiff, and without his knowledge or consent fraudulently and arbitrarily fixed the value of goods that were in stock and the amount of damage sustained, and that the appraiser appointed by the plaintiff refused to sign the report on account of the fraudulent conduct and arbitrary acts of the other appraiser and the umpire; that the plaintiff offered to select new appraisers and a new umpire and have the

22—92 KAN.

amount of loss and damage reappraised, but that defendants refused.

By stipulation the four cases were consolidated and tried as one case. The jury returned a verdict for the full amount of the loss, which the court apportioned among the several defendants. From the judgments the defendants have appealed.

The first complaint is that the court erred in failing to require a separate verdict for each of the cases, and in dividing the liability represented by the gross verdict among the four defendant companies. It is to be observed that the consolidation was not made on an order of the court or in pursuance of any statutory authority, but solely upon a stipulation signed by all the parties, which provided not only that the cases should be consolidated but that they should be tried as one case. The conduct of the defendants throughout the trial shows that they acquiesced in the interpretation which the court gave to the stipulation. No objection seems to have been made to any of the procedure until the motion for a new trial. No ruling was asked during the trial except in behalf of all the companies, nor was there any request by defendants that there should be separate verdicts returned. In the motion for a directed verdict there was a request that it should be returned in the amounts for which the defendants had offered to confess judgment, and in the various offers to confess judgment the total damages admitted by the defendants was divided among the respective companies in exactly the same proportion that the trial court divided the loss as found by the jury.

The plain language of the stipulation that the cases should be tried as one case was followed by the court, and we think the defendants' acquiescence in the procedure was a waiver of the right to object, and their failure to request the court to require separate verdicts waived any error that might be urged against the rendition of a general verdict.

One of the instructions is complained of, but we think that from a fair reading of it the jury would not understand that the exclusion of the plaintiff from the presence of the appraisers during the appraisement was of itself sufficient to overturn the award. The several matters which the court mentions as sufficient to sustain a finding that the award was not fairly and honestly made are stated in the conjunctive and not in the disjunctive form.    Besides, the plaintiff had the right to be present at proper times and to give assistance and to offer evidence for the purpose of establishing the amount of the loss and damage.    (*Ross v. Insurance Co.*, 86 Kan. 145, 150, 119 Pac. 366.)    The instructions considered together and in connection with the evidence fairly presented the issues and left it for the jury to determine whether the conduct of Potts and the umpire was such as to prevent the making of a fair and honest appraisement.    The complaint that improper evidence was admitted is not substantial. O. W. Holt, one of the members of the firm, testified that the inventory of July 17 preceding the fire was made under his direction and that he believed it to be correct.    It was some evidence as a basis for the purpose of determining the amount of stock at the time of the fire when considered in connection with evidence of the record of sales made subsequent to July 17.

We think there was sufficient evidence of unfairness and partiality on the part of the appraisers to authorize the court to submit the question to the jury and to sustain the verdict.

It is insisted that the court erred in admitting evidence as to the value of the services of attorneys for plaintiff in the prosecution of the case after the verdict and after the jury was discharged and after a motion for a new trial was passed upon and overruled. The contention is decided adversely to the defendants in the case of *Insurance Co. v. Corbett*, 69 Kan. 564,

77 Pac. 108. The cases relied upon involved attorney's fees in actions against railroads for damages by fire. These are not in point for the reason that under the railroad statute attorney's fees are allowed as part of the judgment. The attorney's fees in insurance cases are allowed as part of the costs. (See, also, *Syndicate Co. v. Insurance Co.,* 85 Kan. 367, 116 Pac. 620.) In that case after an appeal had been taken and at a subsequent term of court the trial court reconsidered its ruling respecting attorney's fees and allowed and taxed them as a part of the costs in the case, and the allowance was sustained.

We discover no error in the rulings of the court, and the judgments will be affirmed.